UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM PRUDE, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7197** |
| **FIDELITY AND CASUALTY INSURANCE COMPANY OF NEW YORK, ET AL.,**<br>    **Defendants** | **SECTION: "E" (2)** |

**ORDER AND REASONS**

Before the Court is a motion for partial summary judgment filed by Defendant Huntington Ingalls Incorporated ("Avondale") with respect to Plaintiffs Janalyn Prude, Kelly Stelly, and Dana Bourgeois's ("Surviving Plaintiffs") wrongful death claims.[1] Defendant Travelers Indemnity Company ("Travelers") joins in Avondale's motion.[2] The motion was filed on February 25, 2025[3] and set for submission on March 12, 2025.[4] Local Rule 7.5 requires a memorandum in opposition to a motion to be filed no later than eight days before the noticed submission date, meaning the deadline to file an opposition in this instance was March 4, 2025.[5] To date, no opposition to the motion has been filed and Plaintiffs William Prude, Janalyn Prude, Kelly Stelly, and Dana Bourgeois have failed to move the Court to extend their deadline to file an opposition. Avondale's motion for summary judgment is, therefore, unopposed. Although this dispositive motion is unopposed, summary judgment is not automatic, and the Court must determine whether Avondale is entitled to judgment as a matter of law.[6]

---

[1] R. Doc. 149.
[2] R. Doc. 167.
[3] R. Doc. 149.
[4] R. Doc. 149-3.
[5] *See id.* "Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." L.R. 7.5.
[6] *See, e.g*, *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); Fed. R. Civ. P. 56(a).

1

## BACKGROUND

On April 18, 2023, Plaintiff filed suit in the Civil District Court for the Parish of Orleans asserting claims under Louisiana state law for Plaintiff William Prude's ("Prude") alleged "substantial asbestos exposure from a number of different sources throughout his life as a result of occupational exposures throughout the grater New Orleans area."[7] Prude allegedly contracted mesothelioma subsequent to his alleged asbestos exposure.[8] Prude was allegedly "employed by Avondale Shipyard as a pipefitter and shipfitter from 1970 until 1978 in Avondale, Louisiana."[9]

On April 20, 2023, Prude passed away.[10] On December 6, 2023, Avondale removed this action to this Court.[11] On February 28, 2024, the Surviving Plaintiffs substituted themselves as plaintiffs on Prude's behalf to assert all "rights and causes of action available to them," including for Prude's wrongful death.[12]

## UNDISPUTED FACTS

On February 25, 2025, Avondale filed the instant motion for summary judgment, arguing that it is statutorily immune under the Longshore and Harbor Workers' Compensation Act ("LHWCA") from Plaintiffs' wrongful death claims.[13] According to Avondale's statement of uncontested material facts, Prude alleged he was employed with Avondale as a pipefitter and shipfitter from 1970 to 1978.[14] Avondale states it is an uncontested fact that Prude alleged he was exposed to asbestos while he worked for

---

[7] R. Doc. 1-2 at pp. 6-7.
[8] *Id.* at p. 7.
[9] R. Doc. 99 at ¶ 3.
[10] R. Doc. 48 at ¶ 1.
[11] R. Doc. 1.
[12] R. Doc. 48 at ¶¶ 2-3.
[13] R. Doc. 149; R. Doc. 149-1.
[14] R. Doc. 149-2 at ¶ 1.

Avondale.[15] Avondale states it is an uncontested fact that Prude died on April 20, 2023.[16] Avondale states it is an uncontested fact that Prude's wife and children asserted a wrongful death claim against Avondale after Prude died.[17] Avondale states it is an uncontested fact that its alleged tortious conduct arose from an employer-employee relationship.[18] Because Avondale's motion for summary judgment is unopposed, the Court considers the attached statement of uncontested facts[19] to be admitted pursuant to Eastern District of Louisiana Local Rule 56.2.[20]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21] "An issue is material if its resolution could affect the outcome of the action."[22] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[23] All reasonable inferences are drawn in favor of the nonmoving party.[24] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[25]

---

[15] *Id.* at ¶ 2.
[16] *Id.* at ¶ 3.
[17] *Id.* at ¶ 4.
[18] *Id.* at ¶ 5.
[19] R. Doc. 149-2.
[20] "All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement." L.R. 56.2.
[21] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[22] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[23] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).
[24] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[25] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

If the dispositive issue is one for which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[26] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[27]

On the other hand, if the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[28] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[29] When, however, the movant is proceeding under the second option and is seeking summary judgment on the

---

[26] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[27] *Celotex*, 477 U.S. at 322-24.
[28] *Id.* at 331-32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322-24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[29] *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[30] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[31] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[32] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[33]

Still, "unsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[34]

---

[30] *Celotex*, 477 U.S. at 332-33.
[31] *Id.*
[32] *Id.* at 332-33 & n.3.
[33] *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.
[34] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (first citing *Celotex*, 477 U.S. at 324; then *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994); then quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

## LAW AND ANALYSIS

### I. Plaintiffs have failed to present a genuine issue of material fact with respect to their wrongful death claims.

In this case, Prude is deceased and the Surviving Plaintiffs are asserting wrongful death claims. "Under Louisiana law, wrongful death claims are controlled by the applicable law and jurisprudence in effect at the time of death."[35] At the time of Prude's death in 2023, the LHWCA covered employees who satisfied the LHWCA's situs and status elements.[36] "The LHWCA provides that an employer, whether negligent or without fault, has a duty to pay workers' compensation to a covered employee."[37] If the LHWCA is applicable, "workers' compensation is an employee's exclusive remedy against the employer in its capacity as an employer."[38] "Section 905(a) of the LHWCA thus acts as a shield against tort liability for actions taken by an employer in its capacity as an employer where the Act's situs and status requirements are satisfied."[39] "The status element requires that the employee be 'engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and ship-breaker.'"[40] The situs element is satisfied "when the 'disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel).'"[41]

---

[35] *Savoie v. Ingalls*, No. 15-1220, 2019 WL 1369465, at *1 (E.D. La. Mar. 26, 2019) (citing *Walls v. Am. Optical Corp.*, 98-0455, pp. 9-10 (La. 9/8/99), 740 So. 2d 1262, 1270).
[36] *Id.* (citing *Herb's Welding, Inc. v. Gray*, 470 U.S. 414, 415-16 (1985)); *Dempster v. Lamorak Ins. Co.*, No. 20-95, 2020 WL 5071115, at *6 (E.D. La. Aug. 26, 2020) (citing *Gray*, 470 U.S. at 415-16).
[37] *Moore v. Phillips Petroleum Co.*, 912 F.2d 789, 791 (5th Cir. 1990) (citing 33 U.S.C. § 903).
[38] *Id.* (citing 33 U.S.C. § 905(a)).
[39] *Dempster*, 2020 WL 5071115, at *6.
[40] *Savoie*, 2019 WL 1369465, at *1 (quoting 33 U.S.C. § 902(3)).
[41] *Id.* (quoting 33 U.S.C. § 903(a)).

Avondale argues that Prude meets both the LHWCA's situs and status elements and that, as a result, the LHWCA covers Prude.[42] First, Avondale argues Prude meets the LHWCA's situs element because Prude was allegedly exposed "to asbestos while working" as a pipefitter and shipfitter "on Avondale's shipyard premises."[43] Second, Avondale argues Prude meets the LHWCA's status element because, "[a]s a pipefitter and shipfitter, Mr. Prude worked on ship construction."[44] The Surviving Plaintiffs do not dispute that Prude meets the LHWCA's situs and status elements. Thus, the Court finds that for purposes of the Surviving Plaintiffs' wrongful death claims, the LHWCA covered Prude at his time of death.[45] Because the LHWCA covered Prude at his time of death, Prude's exclusive remedy is in workers' compensation rather than tort.[46] Accordingly, the LHWCA's exclusive remedy provision bars the Surviving Plaintiffs' wrongful death tort claims.[47]

Next, because Travelers has joined in Avondale's motion, the Court will address the Surviving Plaintiffs' wrongful death claims against Travelers. As Avondale's insurer, Traveler's liability is derivative of Avondale's liability under Louisiana's Direct Action Statute. Louisiana's Direct Action Statute, La. R.S. 22:1269, "does not create an independent cause of action against the insurer, it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured." Because Travelers' liability "is coextensive with" Avondale's and the Court is

---

[42] R. Doc. 149-1 at p. 5.
[43] *Id.* (citing R. Doc. 99 at ¶ 3).
[44] *Id.* (citing R. Doc. 149-4).
[45] *Savoie*, 2019 WL 1369465, at *2; *Dempster*, 2020 WL 5071115, at *6.
[46] *Moore*, 912 F.2d at 791 (citing 33 U.S.C. § 905(a)).
[47] *Savoie*, 2019 WL 1369465, at *1-2; *Dempster*, 2020 WL 5071115, at *6-7.

dismissing the Surviving Plaintiffs' wrongful death claims against Avondale, the Court also dismisses the Surviving Plaintiffs' wrongful death claims against Travelers.[48]

## CONCLUSION

**IT IS ORDERED** that Avondale's motion for partial summary judgment is **GRANTED**.[49]

**IT IS FURTHER ORDERED** that Travelers' motion for partial summary judgment is **GRANTED IN PART** as to Surviving Plaintiffs' wrongful death claims.[50]

**IT IS FURTHER ORDERED** that the Surviving Plaintiffs' wrongful death claims against Avondale and Travelers are **DISMISSED WITH PREJUDICE.**

**New Orleans, Louisiana, this 27th day of March, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[48] *Stire v. Watson*, No. 12-2982, 2013 WL 3944423, at *6 (E.D. La. July 30, 2013) (first citing *Zeno v. ADM Mill. Co.*, No. 06-4326, 2008 WL 4974876, at *2 (E.D. La. Nov. 20, 2008); then *Frank v. Shell Oil Co.*, 828 F. Supp. 2d 835, 859 (E.D. La. 2011)); *Ragusa v. La. Guar. Ins. Ass'n*, No. 21-1971, 2023 WL 2573887, at *4 (E.D. La. Mar. 20, 2023); *Descant v. Adm'rs of Tulane Educ. Fund*, 93-3098, pp. 4-5 (La. 7/5/94), 639 So. 2d 246, 249-50.
[49] R. Doc. 149.
[50] R. Doc. 167.